THE STATE OF OHIO, APPELLANT, *v.* LOZIER, APPELLEE.

[Cite as *State v. Lozier,* 101 Ohio St.3d 161, 2004-Ohio-732.]

(No. 2002–0900—Submitted April 30, 2003, at the Ross
County Session—Decided March 3, 2004.)

PFEIFER, J.

### Factual and Procedural Background

{¶ 1} On February 14, 2001, the Holmes County Grand Jury indicted defendant-appellee, Chad A. Lozier, for trafficking in drugs in violation of 2925.03(A). All five counts against appellee contained a specification that appellee sold drugs within the vicinity of a school, which enhances the penalty under R.C. 2925.03(C)(5)(b). Count 4 was eventually dismissed. Appellee withdrew his initial plea of not guilty and entered pleas of no contest to the remaining counts.

{¶ 2} The sales at issue occurred at appellee's former home, which is located approximately 745 feet from the Holmes County Job and Family Services building. That building housed, on its third floor, a remedial education program known as "Project Stay." The state stipulated that it had no evidence that appellee knew of the existence of Project Stay and that there was nothing to mark it or to identify it as a school to the public.

{¶ 3} The trial court ruled that Project Stay was, in fact, a school. The court also ruled that whether appellee knew that he was selling drugs in the vicinity of the school was irrelevant, since the specification for trafficking within the vicinity of a school is written in terms of strict liability. Appellee was convicted on four counts of trafficking with the sentence-enhancement specifications.

{¶ 4} Appellee appealed from his convictions to the Fifth District Court of Appeals, arguing that the trial court had erred in finding that R.C. 2925.03(C)(5)(b) imposes strict liability. The appellate court agreed and reversed the judgment of the trial court, concluding that the culpable mental state associated with R.C. 2925.03(C)(5)(b) is "knowingly."

{¶ 5} Upon the state's motion, the court of appeals certified a conflict between its holding and the holding of the Ninth District in *State v. Rogers* (Apr. 14, 1999), Summit App. No. 19176, 1999 WL 239100. In its motion to certify a conflict in the court of appeals, the state argued that "the issue proposed for certification is whether [R.C.] 2925.03(C)(5)(b) is a strict liability statute." Despite its holding that "knowingly" is the culpable mental state for R.C. 2925.03(C)(5)(b), the court of appeals phrased the certified question in terms of recklessness: "Whether the culpable mental state of recklessness applies to R.C. 2925.03(C)(5)(b)?"

{¶ 6} Recognizing a conflict between appellate districts, this court granted jurisdiction and ordered briefing on that issue. 96 Ohio St.3d 1446, 2002-Ohio-3512, 771 N.E.2d 260.

## Law and Analysis

{¶ 7} The sole issue raised in this appeal is whether R.C. 2925.03(C)(5)(b), which elevates trafficking in LSD to a fourth-degree felony if the offense is committed "in the vicinity of a school," imposes strict criminal liability on a defendant. We make our determination against the backdrop of R.C. 2901.04(A), which states that "[s]ections of the Revised Code defining offenses or penalties shall be strictly construed against the state, and liberally construed in favor of the accused."

{¶ 8} The case against appellee begins with his violation of R.C. 2925.03(A), which itself requires a mental state of "knowingly":

{¶ 9} "No person shall knowingly do any of the following:

{¶ 10} "(1) Sell or offer to sell a controlled substance;

{¶ 11} "(2) Prepare for shipment, ship, transport, deliver, prepare for distribution, or distribute a controlled substance, when the offender knows or has reasonable cause to believe that the controlled substance is intended for sale or resale by the offender or another person."

{¶ 12} R.C. 2925.03(C)(5)(b) is in play because appellee was selling LSD, and because he was selling that substance in the vicinity of a school. The relevant statutory language is as follows:

{¶ 13} "(C) Whoever violates division (A) of this section is guilty of one of the following:

{¶ 14} "* * *

{¶ 15} "(5) If the drug involved in the violation is L.S.D. or a compound, mixture, preparation, or substance containing L.S.D., whoever violates division (A) of this section is guilty of trafficking in L.S.D. The penalty for the offense shall be determined as follows:

{¶ 16} "* * *

{¶ 17} "(b) * * * [I]f the offense was committed in the vicinity of a school or in the vicinity of a juvenile, trafficking in L.S.D. is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender."

{¶ 18} The mental state of the offender is a part of every criminal offense in Ohio except for those plainly imposing strict liability. R.C. 2901.21(A)(2) requires that, in order to be found guilty of a criminal offense, a person must have "the requisite degree of culpability for each element as to which a culpable mental state is specified by the section defining the offense."

{¶ 19} R.C. 2901.21(B) addresses strict liability statutes and those statutes that do not address a culpable mental state. That statute reads:

{¶ 20} "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required for a person to be guilty of the offense. When the section neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient culpability to commit the offense."

{¶ 21} Thus, recklessness is the catchall culpable mental state for criminal statutes that fail to mention any degree of culpability, except for strict liability statutes, where the accused's mental state is irrelevant. However, for strict liability to be the mental standard, the statute must plainly indicate a purpose to impose it.

{¶ 22} In State v. Maxwell, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, the majority decided that the language of R.C. 2907.321(A)(6) plainly indicated a purpose to impose strict liability. That statute provides:

{¶ 23} "(A) No person, with knowledge of the character of the material or performance involved, shall do any of the following:

{¶ 24} "* * *

{¶ 25} "(6) Bring or cause to be brought into this state any obscene material that has a minor as one of its participants or portrayed observers."

{¶ 26} Maxwell involved a defendant who had downloaded onto his computer obscene images; although he knew that the images were obscene, he argued that he did not know that he was downloading them from a computer system in another state, thereby importing the images into Ohio. The majority in Maxwell

found that, as to importing images, the statute imposed strict liability. The *Maxwell* majority relied on *State v. Wac* (1981), 68 Ohio St.2d 84, 86, 22 O.O.3d 299, 428 N.E.2d 428, in holding that where the General Assembly indicates a mental state in one part of a statute, and does not indicate any mental state in another part of that statute, that indicates an intent to impose strict liability in that other part. *Maxwell* at ¶ 27–29.

{¶ 27} In *Maxwell,* the court found that the knowledge element of R.C. 2907.321(A) was separated out in order to apply only to "the character of the material or performance involved," noting that "knowledge is a requirement only for the discrete clause within which it resides." Id., 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, at ¶ 29. The court held that the knowledge element did not apply to the "[n]o person * * * shall do any of the following" portion of the statute. Since knowledge was required in one part of the statute and not in the other, the *Maxwell* majority determined that the General Assembly therefore intended to impose strict liability in the subsection of the statute without the knowledge requirement. Id. at ¶ 30.

{¶ 28} The statute in the present case is structurally more similar to the statute analyzed in *Wac*. In *Wac,* this court considered the mental element in R.C. 2915.02(A)(1). That statute provides:

{¶ 29} "(A) No person shall do any of the following:

{¶ 30} "(1) Engage in bookmaking, or knowingly engage in conduct that facilitates bookmaking."

{¶ 31} This court found that the inclusion of the element of "knowingly" for "conduct that facilitates bookmaking" but not in regard to "bookmaking" operated to " 'plainly indicate[ ] a purpose to impose strict liability' " on bookmaking per se. *Wac,* 68 Ohio St.2d at 86, 22 O.O.3d 299, 428 N.E.2d 428. The court in *Wac* "recognized that the clause 'or knowingly engage in conduct that facilitates bookmaking' was a discrete clause and that the knowledge required by that clause could not be inserted into the previous clause, 'engage in bookmaking.' " *Maxwell,* 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 28.

{¶ 32} Here, we are dealing with another pair of discrete clauses separated by "or." The phrase at issue in R.C. 2925.03(C)(5)(b) reads:

{¶ 33} "[I]f the offense was committed *in the vicinity of a school* or *in the vicinity of a juvenile,* trafficking in L.S.D. is a felony of the fourth degree, and division (C) of section 2929.13 of the Revised Code applies in determining whether to impose a prison term on the offender." (Emphasis added.)

{¶ 34} Standing alone, "in the vicinity of a school or in the vicinity of a juvenile" does not indicate any required degree of mental culpability. However, each clause, "in the vicinity of a school" and "in the vicinity of a juvenile," is separately

defined in the chapter's definitional section. "In the vicinity of a juvenile," as defined in R.C. 2925.01(BB), employs strict liability terms:

{¶ 35} "(BB) An offense is 'committed in the vicinity of a juvenile' if the offender commits the offense within one hundred feet of a juvenile or within the view of a juvenile, regardless of whether the offender knows the age of the juvenile, whether the offender knows the offense is being committed within one hundred feet of or within view of the juvenile, or whether the juvenile actually views the commission of the offense."

{¶ 36} R.C. 2925.01(BB) makes it abundantly clear that the offender's mental state is irrelevant in determining whether the offender has committed an offense "in the vicinity of a juvenile." An offender is liable whether or not he knows the age of the juvenile, or whether he realizes that a juvenile is in the vicinity.

{¶ 37} By contrast, the definition of "in the vicinity of a school," contained in R.C. 2925.01(P), lacks the express strict liability language of R.C. 2925.01(BB). That definition reads:

{¶ 38} "(P) An offense is 'committed in the vicinity of a school' if the offender commits the offense on school premises, in a school building, or within one thousand feet of the boundaries of any school premises."

{¶ 39} The General Assembly, in imposing the strict liability requirement for drug sales "in the vicinity of a juvenile," perfectly illustrates what R.C. 2901.21(B) calls a "purpose to impose strict liability." Additionally, the stark contrast between the definition of "committed in the vicinity of a school" and the definition of "committed within the vicinity of a juvenile" indicates that the General Assembly did not intend to impose strict liability for selling LSD in the "vicinity of a school" section.

{¶ 40} Applying the reasoning of *Wac*, if one part of a clause explicitly sets forth a mental state, that mental state does not apply to another discrete clause within that subsection. In fact, it is an indication that the General Assembly is attaching differing mental states as to the two distinct clauses. As the majority wrote in *Maxwell*, "[t]he decision in *Wac* demonstrates that a crime may have different degrees of mental culpability for different elements." *Maxwell*, 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, ¶ 30. We find that the language employed by the General Assembly in the R.C. 2925.01(P) and (BB) definitions establishes differing levels of culpability for offenses committed "in the vicinity of a juvenile" and "in the vicinity of a school," plainly indicating that the General Assembly's purpose was to impose strict liability for acts committed "in the vicinity of a juvenile" but not for acts committed "in the vicinity of a school."

{¶ 41} Moreover, we find that the differing degrees of mental culpability for offenses committed near a school as opposed to near a juvenile are consistent with a coherent legislative policy.

{¶ 42} The distance requirement for an act to be committed within "the vicinity of a juvenile" is only 100 feet or "within view of the juvenile." Drug trafficking is a dangerous activity. Beyond the psychic danger of seeing drugs being sold, there is a very real physical danger surrounding a drug transaction, even for nonparticipants. Thus, a child, whether in view or not, could become a part of the collateral damage of a failed transaction. The threat to a child is real and imminent.

{¶ 43} On the other hand, to be "in the vicinity of a school," an offender could, by definition, be 1,000 feet away from a school. A child may not necessarily be nearby, or even in the school. The transaction could occur in the late evening hours, or in summer, or during any other period of the year that the school is closed.

{¶ 44} The difference between the potential peril of a transaction that occurs "in the vicinity of a school" and "in the vicinity of a juvenile" is significant. "In the vicinity of a school" addresses danger that can be theoretical; "in the vicinity of a juvenile" addresses a real, present danger. Because the "vicinity of a juvenile" offense is so much more dangerous, the General Assembly has determined that the offender's knowledge that a juvenile is nearby is irrelevant. Also, since "in the vicinity of a juvenile" includes being in view of a juvenile, its parameters can expand well beyond 100 feet. Thus, if an offense occurs within 1,000 feet of a school, the offender still can be subject to strict criminal liability if there is a juvenile within view. As the danger to children becomes more real, the culpable mental state gets stricter.

{¶ 45} Having determined that the General Assembly's purpose was to impose differing culpable mental states for acts committed "in the vicinity of a juvenile" and "in the vicinity of a school," we must determine what culpable mental state applies to offenses that occur "in the vicinity of a school." Since the definition of "in the vicinity of a school" includes no culpable mental state, we employ R.C. 2901.21(B) to provide the requisite culpability for the offense in question. We therefore hold that the culpable mental state of recklessness applies to the offense of trafficking in LSD "in the vicinity of a school" under R.C. 2925.03(C)(5)(b).

{¶ 46} Although the court of appeals found that the requisite mental state is "knowingly," and we conclude that recklessness is the appropriate standard, we nevertheless affirm. A reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason. *State ex rel.*

*McGinty v. Cleveland City School Dist. Bd. of Edn.* (1998), 81 Ohio St.3d 283, 290, 690 N.E.2d 1273.

{¶ 47} Accordingly, we affirm the judgment of the court of appeals and remand the cause to the trial court for further proceedings.

Judgment affirmed
and cause remanded.

MOYER, C.J., RESNICK, HARSHA and LUNDBERG STRATTON, JJ., concur.

F.E. SWEENEY, J., dissents.

O'CONNOR, J., dissents.

WILLIAM H. HARSHA III, J., of the Fourth Appellate District, sitting for COOK, J.

---

**O'CONNOR, J., dissenting.**

{¶ 48} Because I determine that R.C. 2925.03 imposes strict liability for trafficking in a controlled substance in the vicinity of schools, I respectfully dissent from the majority's opinion.

{¶ 49} I agree with the majority that the issue before us demands analysis of discrete language and that "in the vicinity of a school" is, in fact, a discrete part of R.C. 2925.03. I disagree, however, as to the applicability of R.C. 2901.21(B) and the relevance of the statutory language analyzed by the majority. Further, by applying *State v. Wac* (1981), 68 Ohio St.2d 84, 22 O.O.3d 299, 428 N.E.2d 428, and *State v. Maxwell,* 95 Ohio St.3d 254, 2002-Ohio-2121, 767 N.E.2d 242, I determine that R.C. 2925.03(C)(5)(b) imposes strict liability.

{¶ 50} R.C. 2901.21(B) states: "When the section defining an offense does not specify any degree of culpability, and plainly indicates a purpose to impose strict criminal liability for the conduct described in the section, then culpability is not required * * *. When the section [defining an offense] neither specifies culpability nor plainly indicates a purpose to impose strict liability, recklessness is sufficient * * *."

{¶ 51} In *Maxwell,* we determined that R.C. 2907.321(A)(6) imposes strict liability for bringing obscene material into the state. In reaching this conclusion, we noted the irrelevance of R.C. 2901.21(B) when a statutory section identifies a standard of culpability. In part because R.C. 2907.321(A) specifies "knowledge" as the mens rea for the offense, we reasoned that R.C. 2901.21(B) cannot "operate to supply the mental element of recklessness to R.C. 2907.321(A)(6)." *Maxwell* at ¶ 22.

{¶ 52} In light of *Maxwell,* R.C. 2901.21(B) cannot operate to supply the mental element of recklessness to R.C. 2925.03(C)(5)(b) because R.C. 2925.03

includes a mental element in defining Lozier's offense. R.C. 2925.03(A) requires the mens rea of *knowingly* selling or offering to sell a controlled substance. R.C. 2925.03(C)(5)(b) then provides a sentencing enhancement "if the offense [of knowingly selling or offering to sell LSD] was committed in the vicinity of a school * * *." Although the statute's enhancement provision does not specify a degree of culpability, the section defining Lozier's offense does. Thus, R.C. 2925.03(A)'s knowledge requirement precludes imputing recklessness to R.C. 2925.03(C)(5)(b) via R.C. 2901.21(B). See *Maxwell* at ¶ 21.

{¶ 53} Having resolved that R.C. 2901.21(B) is inapplicable here, we still must determine the degree of culpability required for a sentencing enhancement under R.C. 2925.03(C)(5)(b). In *Wac*, the statute in question stated that no person shall "[e]ngage in bookmaking, or knowingly engage in conduct that facilitates bookmaking." R.C. 2915.02(A)(1). The defendant in *Wac* had wanted the knowledge requirement for engaging in conduct that facilitates bookmaking imputed to the discrete prohibition against engaging in bookmaking. We reasoned that the exclusion of a mental element from the proscription against bookmaking juxtaposed with the inclusion of a mental element pertaining to facilitating bookmaking indicates the General Assembly's intent to impose strict liability for the offense of bookmaking.

{¶ 54} In *Maxwell*, we applied *Wac* in determining that R.C. 2907.321(A)(6) imposes strict liability for bringing "into this state any obscene material that has a minor as one of its participants * * *." R.C. 2907.321(A) states that to be convicted of pandering obscenity involving a minor, the offender must have known the material to be obscene. We held that the knowledge requirement applied to the offender's understanding of the nature of the material but not to the act of bringing such material into the state because subsections (A) and (A)(6) are discrete from each other. Following *Wac*, we decided that in light of subsection (A)'s knowledge requirement, the omission of a mental element from subsection (A)(6) subjects conduct under that provision to strict liability.

{¶ 55} Both *Wac* and *Maxwell* stand for the propositions that a mental element cannot be imputed from one discrete clause to another and that the exclusion of a mental element from a discrete clause indicates the applicability of strict liability where the section defining the offense includes a mental element. I would follow *Wac* and *Maxwell* and hold that the knowledge requirement of R.C. 2925.03(A) cannot be imputed to R.C. 2925.03(C)(5)(b), and that the exclusion of a mental element from R.C. 2925.03(C)(5)(b), in light of R.C. 2925.03(A)'s knowledge requirement, subjects the described conduct to strict liability.

{¶ 56} Rather than following *Wac* and *Maxwell*, today's majority errs by analyzing a definitional section that does not bear on the issue before us. In *Wac* and *Maxwell*, we confined our analysis to the section that defines the offense,

whereas today's majority departs to a wholly other section. The discrete language at issue here is found in R.C. 2925.03, the section that defines Lozier's offense, not in the definitional section.

{¶ 57} After choosing discrete provisions in an irrelevant section, the majority posits that the General Assembly has defined those provisions in a manner that imposes divergent degrees of culpability. This position is wholly unfounded because, for the reason provided below, the recklessness standard of R.C. 2901.21(B) cannot apply to a definitional section such as R.C. 2925.01.

{¶ 58} By its own terms, R.C. 2901.21(B) applies only to sections that define offenses. R.C. 2925.01, the section to which the majority applies R.C. 2901.21(B), does not define an offense; it simply defines terms used in R.C. Chapter 2925. As a corollary, R.C. 2901.21(B) cannot apply to R.C. 2925.01, and the linchpin that supposedly connects recklessness to R.C. 2925.03(C)(5)(B) is dissolved.

{¶ 59} I find further support for my position that R.C. 2925.03(C)(5)(b) describes a strict liability offense in *United States v. Falu* (C.A.2, 1985), 776 F.2d 46, which resolved the same issue presented herein within the context of former Section 845(a), Title 21, U.S.Code, a federal statute that was analogous to R.C. 2925.03.[1] In *Falu,* the district court resolved that Section 845(a) imposed strict liability. Although I would not subjugate my independent judicial analysis to that of my learned colleagues on the federal bench, I recognize that the universal purpose of enhancing penalties for trafficking in drugs in the vicinity of schools is to protect children from the pariahs that are drug dealers. Thus, the *Falu* court found, "[A] requirement that the dealer know that a sale is geographically within the prohibited area would undercut this unambiguous legislative design." *Falu* at 50. I wholeheartedly agree, and I believe that the same rationale applies to requiring recklessness.

{¶ 60} For the foregoing reasons, I dissent.

---

Robert D. Rinfret, Holmes County Prosecuting Attorney, and Jeffrey A. Mullen, Assistant Prosecuting Attorney, for appellant.

J. Dean Carro, for appellee.

---

1. Section 845(a) has been somewhat revised and has been moved to Section 860(a), Title 21, U.S.Code. It now provides: "Any person who violates section 841(a)(1) of this title * * * by distributing * * * a controlled substance in or on, or within one thousand feet of, the real property comprising a public or private elementary, vocational, or secondary school * * * is * * * subject to (1) twice the maximum punishment authorized by section 841(b)."

Jim Petro, Attorney General, Douglas R. Cole, State Solicitor, and Rebecca L. Thomas, Assistant Solicitor, urging reversal for amicus curiae Ohio Attorney General.

David H. Bodiker, Ohio Public Defender, and Stephen P. Hardwick, Assistant Public Defender, urging affirmance for amicus curiae Ohio Public Defender.