OPINION
{¶ 1} Defendant-appellant, Brian K. Thompson, appeals his convictions in the Clinton County Court of Common Pleas for three counts of drug trafficking. We affirm the convictions.
 {¶ 2} In November 2002, appellant went to the home of his friend, Oscar Gonzales, in Sabina. Appellant was upset, in part, because he was experiencing some financial problems. Hoping to raise some money, appellant asked Gonzales if he knew "anybody that wanted to buy" drugs. Unbeknownst to appellant, Gonzales informed Lt. Gerald Strickland of the Sabina Police Department about appellant's intentions and several controlled drug buys were arranged.
 {¶ 3} On November 26, 2002, Gonzales and undercover special agent Dwight Aspacher of the Warren-Clinton County Drug Task Force went to appellant's home. There they arranged to buy methamphetamine from appellant. At appellant's direction, the sale was to take place in the parking lot of West Side Pizza in Sabina. Aspacher and Gonzalez went to the store and waited for appellant. Appellant met them there and sold Aspacher a purported one and a half grams of methamphetamine for $170. West Side Pizza is situated approximately 500 feet from the Sabina Elementary School premises. On December 11, 2002, appellant sold Aspacher one gram of methamphetamine for $120. This transaction took place on Burnett Road in Clinton County.
 {¶ 4} Finally, on December 18, 2002, appellant arranged to meet Aspacher in the parking lot of the Cedarwood Apartment complex in Sabina. Appellant approached Aspacher's parked vehicle and asked Aspacher if he wanted two "eight balls," or approximately four grams, of methamphetamine. Aspacher initially responded that he did not have enough money, but the sale was eventually completed for $370. A three-year-old child was within view of the transaction.
 {¶ 5} Laboratory testing revealed that the first transaction involved the sale of 0.39 grams of methamphetamine. The second sale involved 0.17 grams of methamphetamine. The third transaction involved 4.49 grams of a brown powder, but did not test positive for any controlled substance.
 {¶ 6} Appellant was charged with three counts of drug trafficking, violations of R.C. 2925.03(A)(1). The first count further alleged that the offense was committed within the vicinity of a school while the third count alleged that the offense was committed within the vicinity of a juvenile. The matter was tried before a jury which returned guilty verdicts on all three counts. Appellant appeals his convictions raising three assignments of error related to the manifest weight of the evidence.
 {¶ 7} "Weight of the evidence concerns `the inclination of the greater amount of credible evidence, offered in a trial, to support one side of the issue rather than the other.'" (Emphasis sic.) State v. Thompkins, 78 Ohio St.3d 380, 387, 1997-Ohio-52, quoting Black's Law Dictionary (6 Ed. 1990) at 1594. In determining whether a conviction is contrary to the manifest weight of the evidence, an appellate court must review the entire record, weighing the evidence and all reasonable inferences that can be drawn from it, and taking into account the witnesses' credibility, to determine if the jury clearly lost its way in resolving evidentiary conflicts and created such a manifest miscarriage of justice that its verdict must be reversed and a new trial ordered. State v. Martin (1983), 20 Ohio App.3d 172,175; Thompkins at 387.
 {¶ 8} "On the trial of a case, either civil or criminal, the weight to be given the evidence and the credibility of the witnesses are primarily for the trier of the facts." State v. DeHass (1967), 10 Ohio St.2d 230, paragraph one of the syllabus. Consequently, a reviewing court must be mindful that the original trier of fact was in the best position to judge the credibility of the witnesses and the weight to be given to the evidence. Id.
 {¶ 9} In his first assignment of error appellant alleges that the guilty verdicts were against the manifest weight of the evidence because he demonstrated the affirmative defense of unlawful entrapment.
 {¶ 10} Entrapment is an affirmative defense, established by evidence that the criminal design, plan or idea "originates with the officials of the government, and they implant in the mind of an innocent person the disposition to commit the alleged offense." 4 Ohio Jury Instructions (2003) 76, Section 411.25. There is no entrapment "where criminal intent originates in the mind of the accused, and law enforcement authorities merely afford opportunities or facilities for the commission of the offense." State v. Dutton Drugs, Inc. (1965),3 Ohio App.2d 118, 121.
 {¶ 11} At trial, Gonzales testified that appellant approached him to find a buyer for drugs and that he in turn contacted the police. Aspacher testified that the sales took place between himself and appellant with Gonzales present. In his defense, appellant testified that Gonzales provided him with the drugs to sell, and that Gonzales and Aspacher together planted in his mind the idea and opportunity to sell the drugs.
 {¶ 12} The trial court provided the jury with an appropriate instruction on the defense of unlawful entrapment. Weighing the evidence, the jury found appellant's version of events not credible. Although a reviewing court looks at the record anew when considering whether a verdict at trial is against the manifest weight of evidence, the trier of fact, not the appellate court, is in the best position to evaluate testimony and determine the credibility of witnesses. DeHass at paragraph one of the syllabus. "[W]hen conflicting evidence is presented at trial, a conviction is not against the manifest weight of the evidence simply because the [trier of fact] believed the prosecution testimony." State v. Guzzo, Butler App. No. CA2003-09-232, 2004-Ohio-4979, ¶ 13, quoting State v. Zentner,
Wayne App. No. 02CA0040, 2003-Ohio-2352, ¶ 21. Appellant's first assignment of error is overruled.
 {¶ 13} In his second assignment of error, appellant alleges that the state failed to prove beyond a reasonable doubt that the offense alleged in the third count of the indictment was committed in the vicinity of a juvenile.
 {¶ 14} Pursuant to R.C. 2925.01(BB), an offense is committed "in the vicinity of a juvenile" if committed "within the view of a juvenile * * * whether the offender knows the offense is being committed * * * within the view of the juvenile, or whether the juvenile actually views the commission of the offense."
 {¶ 15} At trial, Jason Lee Thackston testified that December 18 is the birthday of his oldest son. On December 18, 2002, he was celebrating his son's third birthday at his mother's residence, located at 239 Mays Drive in Sabina. Lt. Strickland, who monitored the transaction between appellant and Aspacher, testified that he saw the child outside 239 Mays Drive, and that the child had a clear view of the transaction taking place in the parking lot of the Cedarwood apartment complex which backs up to Mays Drive.
 {¶ 16} Appellant argues that Thackston's testimony was not credible because Thackston could not remember the day of the week. However, Thackston was able to testify with certainty that the date in question was December 18, 2002. And we again note that any question as to the credibility of this testimony was for the jury to resolve. See DeHass at paragraph one of the syllabus. Appellant's second assignment of error is overruled.
 {¶ 17} In his third assignment of error, appellant alleges that the state failed to prove beyond a reasonable doubt that the offense alleged in the first count was committed within the vicinity of a school.
 {¶ 18} An offense is committed "in the vicinity of a school" if the offense is committed within 1,000 feet of the boundaries of a school premises. R.C. 2925.01(P); State v. Lozier,101 Ohio St.3d 161, 2004-Ohio-732, ¶ 43. A school premises includes the entire parcel of property on which the school is situated. R.C. 2925.01(R). "[T]he culpable mental state of recklessness applies to the offense of trafficking in [drugs] `in the vicinity of a school[.]'" Lozier at ¶ 45.
 {¶ 19} While appellant argues that the state failed to present evidence of the culpable "reckless" mental state required to prove that the sale of drugs took place within the vicinity of a school, our review of the evidence demonstrates otherwise. The state presented testimony that appellant arranged for a drug sale to take place in the parking lot of West Side Pizza on November 26, 2002. The sale transpired as arranged by appellant. Detective Douglas Estes testified that West Side Pizza is 513 feet from the boundary of Sabina Elementary School's playground. He testified that the playground is "well within the property lines of the school." On cross-examination, appellant acknowledged that the sale took place within 500 feet of the school.
 {¶ 20} Given this record, we cannot say that the jury lost its way in concluding that appellant committed the offense in the vicinity of a school. Appellant's third assignment of error is overruled.
 {¶ 21} Judgment affirmed.
Powell, P.J., and Valen, J., concur.