{¶ 15} I respectfully dissent. Although I agree with the majority that there is no support for the trial court's finding that the conduct of the attorney was a "direct result of his mental impairment due to advanced cancer of the brain," her judgment was nevertheless correct. "A reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason." State v. Lozier, 101 Ohio St.3d 161,2004-Ohio-732, at ¶ 46. (Citations omitted.) Here, the trial court was correct in its judgment, but for the wrong reasons. I would affirm.
 {¶ 16} The magistrate found that appellants were liable for the "frivolous conduct" of their attorney based solely on the fact that they hired him. Specifically, the magistrate made the following relevant conclusions of law:
"* * *
"2. While it is true that these parties were not the active participants in the pleadings which occasioned Defendant Brown's claims, these parties in fact were responsible for hiring Attorney Mark A. Riddle to discharge in their behalf all necessary work associated with their claim. If the activities of such attorney, which have been determined to be inappropriate and in violation of their respective provisions regarding frivolous conduct under Ohio's statutory section, then they, as the hiring or employing entity, are responsible for the conduct of the attorney retained. They are the employer or principals and cannot absolve themselves of responsibility for their choice of having selected an attorney who violated the law in regard to frivolous conduct. They choose him, they are responsible for his actions-good or bad.
"* * *
"4. It is concluded that a party who voluntarily chooses his own counsel as his agent and/or representative in a lawsuit cannot later avoid the consequences of the acts or omissions of his freely selected attorney if the attorney fails in his duty. Thus, responsibility is focused on the Plaintiffs who hired the attorney. * * *"
 {¶ 17} The magistrate did not cite any case law for his position other than in regard to imputed liability for purposes of Civ.R. 60(B). Moreover, I have not located any support for the application of "vicarious liability" under the instant circumstances.
 {¶ 18} Although R.C. 2323.51 authorizes the award of attorney fees against a party, his counsel of record or both, the statute does not state that a party will be liable for the misconduct of his attorney on an agency theory. The statute speaks of independent, active misconduct C. 2323.51(A)(2)(a) defines "frivolous conduct" as:
"Conduct of * * * [a] party to a civil action, * * *, or of the * * * party's counsel of record that satisfies either of the following:
"(i) It obviously serves merely to harass or maliciously injure another party to the civil action or appeal.
"(ii) It is not warranted under existing law and cannot be supported by a good faith argument for an extension, modification, or reversal of existing law."[1]
 {¶ 19} Because the magistrate did not find that appellants, apart from their attorney, engaged in any of these types of statutorily defined "frivolous conduct," the award against them personally was unwarranted. Further, from a "common sense" perspective, how can a client be held responsible for the actions taken by an attorney merely because he employed him? For example, how would the client know if the cause of action is supported by existing case law, or if the attorney requested a continuance merely to harass another party?
 {¶ 20} I would affirm for different reasons than those articulated by the trial court.
[1] R.C. 2323.51 was recently amended, effective April 4, 2005, to expand the definition of "frivolous conduct." The current version of the statute, however, continues to speak in terms of independent, active misconduct and makes no provision for the application of "vicarious liability."