DECISION AND JUDGMENT ENTRY
{¶ 1} This case is before the court on the App.R. 26(B) application of defendant-appellant, Darwin P. Stigall, to reopen his appeal following this court's June 3, 2005 decision affirming appellant's conviction for trafficking cocaine in the vicinity of a school. The state has not filed a response contesting the reopening of the appeal.
 {¶ 2} On direct appeal appellant raised the following three assignments of error: that the jury's verdict was against the manifest weight of the evidence which established that appellant was identified by his past association with the arresting officer; that the trial court erroneously failed to instruct the jury on the lesser included offense of drug abuse; and that appellant was deprived of his right to a fair and impartial trial as evidenced by the court's bias. Appellant timely filed this application to reopen his appeal and has complied with the procedural requirements of App.R. 26(B)(2).[1]
 {¶ 3} App.R. 26(B)(5) provides that "[a]n application for reopening shall be granted if there is a genuine issue as to whether the applicant was deprived of the effective assistance of counsel on appeal." This requires that the appellant show that counsel was deficient in failing to raise the issues he now presents, and to demonstrate that had such issues been presented on direct appeal there was a reasonable probability that appellant would have been successful. State v. Reed (1996),74 Ohio St.3d 534, 535, citing Strickland v. Washington (1984),466 U.S. 668.
 {¶ 4} In his application for reopening, appellant raises two assignments of error that are based on the Ohio Supreme Court's decision in State v. Lozier, 101 Ohio St.3d 161, 2004-Ohio-732. In Lozier, the court held that the mental state of recklessness applies to the offense of trafficking in LSD in the vicinity of a school. Id. at syllabus. "Recklessness" is defined in R.C. 2901.22(C) as acting "with heedless indifference to the consequences" an individual "perversely disregards a known risk that such circumstances are likely to exist."
 {¶ 5} Appellant now contends that appellate counsel was ineffective for failing to raise the assignment of error that the evidence at trial was insufficient to convict appellant for trafficking in cocaine in the vicinity of a school. Specifically, appellant argues that no evidence was presented to demonstrate that appellant was reckless in that he disregarded the risk that he was selling cocaine in the vicinity of a school. Appellant further argues that appellate counsel was ineffective for failing to raise as an assignment of error the trial court's failure to instruct the jury on the recklessness mental state with regard to the "vicinity of a school" element.
 {¶ 6} We note that the Lozier decision was released on March 3, 2004.
Appellant's trial was held on October 21, 2003, the trial court's judgment entry was journalized on December 1, 2003, and this court's decision was released on June 3, 2005. Interpreting the application ofLozier in a case where the defendant's trial was conducted in August 2003, and his sentencing hearing was held on September 15, 2003, the court in State v. Greitzer, 11th Dist. No. 2003-P-0110, 2005-Ohio-4037, following State v. Evans (1972), 32 Ohio St.2d 185, stated that "[i]t is well-settled in Ohio that when a decision of our state supreme court overruling a prior rule of law is released during the pendency of an appeal, application of the new rule is not considered retrospective, and the new rule is applicable to all active cases pending as of the announcement date." Id. at ¶ 50. Accordingly, Lozier applies to the instant case because appellant's direct appeal was pending on Lozier's
release date.[2]
 {¶ 7} After careful review of appellant's additional assignments of error and current appellate counsel's affidavit, we find that appellant has raised a genuine issue as to whether he was deprived of the effective assistance of counsel on appeal. Accordingly, appellant's application to reopen his appeal is well-taken.
 {¶ 8} This appeal is hereby reopened for the purpose of considering appellant's additional assignments of error as set forth herein. The clerk of the court of appeals is ordered to refile the record within ten days of the journalization of this order. Appellant then has 20 days after the record is filed to file his merit brief, after service of appellant's brief, appellee has 20 days within which to respond. See App.R. 18(A). Thereafter, the case shall proceed according to the Appellate Rules. It is so ordered.
Handwork, J., Pietrykowski, J., Parish, J., Concur.
[1] "2) An application for reopening shall contain all of the following:
"(a) The appellate case number in which reopening is sought and the trial court case number or numbers from which the appeal was taken;
"(b) A showing of good cause for untimely filing if the application is filed more than ninety days after journalization of the appellate judgment.
"(c) One or more assignments of error or arguments in support of assignments of error that previously were not considered on the merits in the case by any appellate court or that were considered on an incomplete record because of appellate counsel's deficient representation;
"(d) A sworn statement of the basis for the claim that appellate counsel's representation was deficient with respect to the assignments of error or arguments raised pursuant to division (B)(2)(c) of this rule and the manner in which the deficiency prejudicially affected the outcome of the appeal, which may include citations to applicable authorities and references to the record;
"(e) Any parts of the record available to the applicant and all supplemental affidavits upon which the applicant relies."
[2] We further note that appellant's merit brief was filed on April 5, 2004, after the Lozier decision was decided.