DECISION AND JUDGMENT ENTRY
{¶ 1} This is an appeal from the December 1, 2003 judgment of the Lucas County Court of Common Pleas which sentenced appellant, Darwin P. Stigall, to a five-year imprisonment term for trafficking in crack cocaine in the vicinity of a school.
 {¶ 2} On June 3, 2005, on direct appeal, this court affirmed appellant's conviction. See State v. Stigall, 6th Dist. No. L-03-1348, 2005-Ohio-2749. On September 1, 2005, appellant filed an application to reopen his appeal pursuant to App.R. 26(B) andState v. Murnahan (1992), 63 Ohio St.3d 60, based on appellate counsel's failure to raise the argument that appellant's conviction was insufficient in that no evidence was presented demonstrating that appellant was reckless in selling crack cocaine in the vicinity of a school. Appellant further argued that appellate counsel failed to raise as an assignment of error the trial court's failure to instruct the jury on the recklessness mental state. On October 13, 2005, this court granted appellant's application for reopening.
 {¶ 3} Appellant now raises the following assignments of error:
 {¶ 4} "Assignment of Error I
 {¶ 5} "The evidence was insufficient to sustain a verdict for trafficking in cocaine in the vicinity of a school.
 {¶ 6} "Assignment of Error II
 {¶ 7} "The trial court committed plain error when it failed to instruct the jury that the culpable mental state of recklessness applied to the offense of trafficking in cocaine `in the vicinity of a school.'"
 {¶ 8} In appellant's first assignment of error he argues that the evidence was insufficient to convict him of the offense of trafficking in cocaine in the vicinity of a school. In determining whether a verdict is supported by sufficient evidence "[t]he relevant inquiry is whether, after viewing the evidence in a light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime proven beyond a reasonable doubt." State v. Jenks (1991),61 Ohio St.3d 259, paragraph two of the syllabus.
 {¶ 9} Appellant was convicted of R.C. 2925.03(A)(1) and (C)(4)(c), which prohibits selling in excess of five grams, but less than ten grams of cocaine in the vicinity of a school. "Vicinity of a school" is defined as being within "one thousand feet of the boundaries of any school premises." R.C. 2925.01(P). The specification in R.C. 2925.03(C)(4)(c), elevates the offense from a fourth to a third degree felony and, thus, is an element of the crime which must be proven beyond a reasonable doubt.State v. Olvera (Oct. 15, 1999), 6th Dist. No. WM-98-022, quoting State v. Brown (1993), 85 Ohio App.3d 716, 723.
 {¶ 10} In the present case, appellant argues that the state failed to prove the requisite mental state with regard to selling cocaine in the vicinity of a school. In State v. Lozier (2004),101 Ohio St.3d 161, syllabus, the Supreme Court of Ohio held that "[t]he culpable mental state of recklessness applies to the offense of trafficking in LSD `in the vicinity of a school' under R.C. 2925.03(C)(5)(b)."[1] In reaching its holding, the court noted that because the statute failed to clearly indicate a purpose to impose strict liability, the "catchall" culpable mental state of recklessness applied. Id. at 163. See State v.Greitzer, 11th Dist. No. 2003-P-0110, 2005-Ohio-4037 (applyingLozier to R.C. 2925.03(A) and (C)(4)(b).) The culpable mental state of "recklessness" is defined as:
 {¶ 11} "[W]hen, with heedless indifference to the consequences, [a person] perversely disregards a known risk that his conduct is likely to cause a certain result or is likely to be of a certain nature. A person is reckless with respect to circumstances when, with heedless indifference to the consequences, he perversely disregards a known risk that such circumstances are likely to exist." R.C. 2901.22(C).
 {¶ 12} At appellant's trial in this matter, testimony was presented establishing that appellant had, in fact, sold crack cocaine within one thousand feet of a school. Toledo Police Detective Chad Culpert testified that he obtained a measurement of 450 feet from the intersection of the drug transaction onto the property of the school. However, after careful review of the record, we find it devoid of evidence that appellant recklessly "disregarded a known risk" that a school was nearby when he sold crack cocaine. Appellant testified but no inquiries were made regarding the school, no evidence was presented that appellant lived near the school, and the transaction occurred at night. Accordingly, we find that appellant's first assignment of error is well-taken.
 {¶ 13} In appellant's second assignment of error he argues that the trial court committed plain error when it failed to instruct the jury that the culpable mental state of recklessness applied to the offense. When instructing the jury on the "vicinity of a school" element, the trial court stated:
 {¶ 14} "You are instructed that, as a matter of law, crack cocaine is a controlled substance. If your verdict is guilty you will separately decide, beyond a reasonable doubt, whether the Defendant committed the offense in the vicinity of a school. An offense is committed in the vicinity of a school if the offender commits the offense on the school premises, in a school building or within 1000 feet of the boundaries of any school premises."
 {¶ 15} Based on the foregoing, we find that, contrary toLozier, supra, the trial court failed to instruct the jury on the "vicinity of a school" culpable mental state of recklessness. Appellant's second assignment of error is well-taken.
 {¶ 16} On consideration whereof, we find that appellant was prejudiced and prevented from having a fair trial and the judgment of the Lucas County Court of Common Pleas is reversed and appellant's conviction under the R.C. 2925.03(C)(4)(c) vicinity of a school element is vacated. The matter is remanded to the trial court for resentencing in accordance with this decision. Appellee is ordered to pay the costs of this appeal pursuant to App.R. 24. Judgment for the clerk's expense incurred in preparation of the record, fees allowed by law, and the fee for filing the appeal is awarded to Lucas County.
JUDGMENT REVERSED.
A certified copy of this entry shall constitute the mandate pursuant to App.R. 27. See, also, 6th Dist.Loc.App.R. 4, amended 1/1/98.
Handwork, J. Pietrykowski, J. Parish, J. concur.
[1] We note that although appellant's conviction preceded theLozier decision, his direct appeal was still pending and, in fact, his appellate brief was not filed until after the Lozier
decision was released. "It is well-settled in Ohio that when a decision of our state supreme court overruling a prior rule of law is released during the pendency of an appeal, application of the new rule is not considered retrospective, and the new rule is applicable to all active cases pending as of the announcement date." State v. Greitzer, 11th Dist. No. 2003-P-0110,2005-Ohio-4037, citing State v. Evans (1972),32 Ohio St.2d 185, 188.