DECISION AND JOURNAL ENTRY
This cause was heard upon the record in the trial court. Each error assigned has been reviewed and the following disposition is made:
 {¶ 1} The Village of Lakemore sued SN Servicing Corporation for allegedly maintaining a nuisance at a property within the village. It sought a declaratory judgment that the property was being maintained in violation of the village's zoning code, a declaratory judgment that the property was a public nuisance, an injunction prohibiting SN from continuing to maintain the property in violation of the zoning code or as a nuisance, and an award of $100 per day for each day the nuisance continued. SN failed to answer, and Lakemore moved for default judgment. The trial court entered judgment for Lakemore, including a monetary award against SN for $41,900 plus interest. Six months later, SN moved *Page 2 
the trial court to vacate the judgment against it. The trial court denied SN's motion to vacate, and SN has appealed. Its single assignment of error is that the trial court incorrectly denied its motion to vacate. This Court affirms the trial court's judgment because SN failed to demonstrate that it was entitled to relief from judgment. In particular, it did not even attempt to demonstrate that it had moved for relief from judgment within a reasonable time after judgment had been entered against it.
 I. {¶ 2} Lakemore filed its complaint in this action on December 3, 2004. It alleged that SN was the owner of property at 2435 Sanitarium Road in the village and that SN was maintaining that property in violation of the village's zoning code and as a public nuisance. It sought declaratory relief and an injunction preventing SN from continuing to maintain the property in violation of the zoning code and as a nuisance. It also sought an award of $100 per day from July 8, 2004, until the nuisance was abated.
 {¶ 3} On January 24, 2006, the trial court entered an order noting that SN had failed to plead or otherwise defend and providing that, if Lakemore did not move for a default judgment, its complaint would be dismissed for lack of prosecution. Lakemore moved for default judgment on February 7, 2006, and the trial court granted its motion on that same day. *Page 3 
 {¶ 4} On August 29, 2006, over six months later, SN moved the trial court to vacate the judgment against it. It argued that it never owned the property on Sanitarium Road and that "any fines associated with the nuisance or zoning violations may have already been paid through a tax assessment during 2005 by Bryan Jones." It claimed to be entitled to relief from judgment under subparts (1), (4), and (5) of Rule 60(B) of the Ohio Rules of Civil Procedure.
 {¶ 5} Lakemore did not respond to SN's motion for relief from judgment until December 13, 2006. On December 19, 2006, SN moved to strike Lakemore's response and replied to the arguments contained in that response. SN reiterated its arguments that it was entitled to relief under subparts (1), (4), and (5) of Rule 60(B) of the Ohio Rules of Civil Procedure. In regard to the timing of its motion, it argued that, because it had moved for relief within one year after the date the court had entered judgment against it, its motion was timely:
 Under Rule 60(B), a party has up to one year from the date of judgment to file a motion to vacate and as such, Plaintiffs arguments that Defendant waited six months, which Plaintiff claims is unreasonable, is not justified and does not warrant a denial of Defendant's Motion to Vacate.
Defendant's Motion To Strike Plaintiffs Brief Opposing Defendant's Motion To Vacate Judgment, Or Alternatively, Defendant's Reply at 3-4.
 {¶ 6} The trial court denied both SN's motion to strike Lakemore's response and its motion for relief from judgment. SN appealed. *Page 4 
 II. {¶ 7} SN's sole assignment of error is that the trial court incorrectly denied its motion for relief from judgment. It has argued in support of its assignment of error that its failure to file an answer was excusable neglect, that the judgment was already satisfied, that the trial court should have held a hearing on damages before entering judgment, and that the trial court improperly considered Lakemore's response in ruling on SN's motion for relief from judgment.
 {¶ 8} In regard to the trial court's consideration of Lakemore's response to SN's motion for relief from judgment, Rule 7.14(A) of the Summit County Local Rules provides that opposing counsel must respond to a motion, other than a motion for summary judgment, within ten days after receiving it. Lakemore failed to respond to SN's motion for relief from judgment for over three months. Despite that, the trial court considered its response in ruling on SN's motion.
 {¶ 9} "[L]ocal rules are of the [trial] court's own making, procedural in nature, and not substantive principles of law." Yanik v. Yanik, 9th Dist. No. 21406, 2003-Ohio-4155, at ¶ 9 (quoting Lorain Cty. Bank v.Berg, 9th Dist. No. 91CA005183, 1992 WL 174633, at *2 (July 22, 1992)). The trial court did not abuse its discretion by failing to strike Lakemore's response. Even if it had, however, it would not change the fact that SN failed to demonstrate that it was entitled to relief from judgment. *Page 5 
 {¶ 10} In order for a party to be entitled to relief under Rule 60(B) of the Ohio Rules of Civil Procedure, it must demonstrate: (1) that it has a meritorious defense or claim to present if relief is granted; (2) that it is entitled to relief under one of the subparts of Rule 60(B); and (3) that it has moved for relief within a reasonable time and, if it claims to be entitled to relief under subparts (1), (2), or (3) of Rule 60(B), that it has moved for relief within one year. GTE Automatic Elec.Inc. v. ARC Indus. Inc., 47 Ohio St. 2d 146, 150 (1976). If a party fails to meet any of these three requirements, the trial court should overrule its motion. Rose Chevrolet Inc. v. Adams, 36 Ohio St. 3d 17, 20
(1988).
 {¶ 11} The trial court determined that SN satisfied the first requirement of the GTE Automatic test, but failed to satisfy the second requirement. It held that whether SN had satisfied the third requirement was moot in light of the court's ruling that it had not satisfied the second requirement:
 The Court notes that as to the third prong, Defendant fails to state when it discovered that the default judgment was entered against it. But, having found that Defendant fails to meet the second prong, the issue is moot.
Order at 4 n. 1.
 {¶ 12} As mentioned previously, SN failed to provide any explanation to the trial court of why a six-month delay in seeking relief from judgment was reasonable in this case. When Lakemore, in its response to SN's motion for relief from judgment, pointed out this deficiency, SN argued that its motion was timely *Page 6 
because it was filed within a year. That argument, however, was based on an apparent misreading of the rule.
 {¶ 13} Rule 60(B) requires all motions for relief from judgment to be filed within a reasonable time. Motions based on subparts (1), (2), and (3) not only must be filed within a reasonable time, but under no circumstances may be filed more than a year after the judgment from which relief is sought:
 The motion shall be made within a reasonable time, and for reasons (1), (2) and (3) not more than one year after the judgment, order or proceeding was entered or taken.
As explained in the Staff Notes to Rule 60, a motion based on subparts (1), (2), or (3) filed within one year may be too late:
 Several words of caution concerning the operation of the five provisions for vacation of judgments under Rule 60(B) should be added. The rule provides that the motion for vacation of judgment "shall be made within a reasonable time . . ." The quoted language applies to all of the five grounds for vacation. Thus a party has the possible right to bring a motion to vacate the judgment on the grounds of newly discovered evidence up to one year after entry of judgment, but the motion is also subject to the "reasonable time" provision. Hence if the newly discovered evidence was discovered one month after entry of judgment and a party might have made his motion at that time but waited until the last day before the year was up, the court in its discretion might hold that the motion was brought too late because although made within one year not made within a "reasonable time." For newly discovered evidence, for example, the outside limit is one year — or a shorter "reasonable time."
Rule 60 of the Oho Rules of Civil Procedure, Staff Notes.
 {¶ 14} Contrary to SN's argument to the trial court, therefore, the fact that it filed its motion within a year after entry of the default judgment did not satisfy the *Page 7 
third prong of the GTE Automatic test. It was still required to demonstrate that it had moved for relief within a reasonable time. Inasmuch as it did not even suggest to the trial court why six months was reasonable in this case, it failed to satisfy the third requirement of the GTE Automatic test and was not entitled to relief from judgment.
 {¶ 15} Inasmuch as SN failed to satisfy the third requirement of theGTE Automatic test, the trial court correctly denied its motion for relief from judgment. It is not necessary, therefore, for this Court to determine whether the trial court correctly determined that it had also failed to satisfy the second requirement. "A reviewing court is not authorized to reverse a correct judgment merely because it was reached for the wrong reason." State v. Lozier, 101 Ohio St. 3d 161, 166-167
(2004) (citing State ex rel. McGinty v. Cleveland City School Dist. Bd.of Edn., 81 Ohio St. 3d 283, 290 (1998)). Even if SN's arguments regarding excusable neglect, the judgment being satisfied, and the trial court's failure to hold a hearing on damages are correct, therefore, the trial court's order denying SN relief from judgment would still have to be affirmed. Accordingly, SN's assignment of error is overruled.
 III. {¶ 16} SN's assignment of error is overruled. The trial court's judgment is affirmed.
 Judgment affirmed. *Page 8 
The Court finds that there were reasonable grounds for this appeal.
We order that a special mandate issue out of this Court, directing the Court of Common Pleas, County of Summit, State of Ohio, to carry this judgment into execution. A certified copy of this journal entry shall constitute the mandate, pursuant to App.R. 27.
Immediately upon the filing hereof, this document shall constitute the journal entry of judgment, and it shall be file stamped by the Clerk of the Court of Appeals at which time the period for review shall begin to run. App.R. 22(E). The Clerk of the Court of Appeals is instructed to mail a notice of entry of this judgment to the parties and to make a notation of the mailing in the docket, pursuant to App.R. 30.
Costs taxed to appellant.
SLABY, P. J. BAIRD, J. CONCUR.
(Baird, J., retired, of the Ninth District Court of Appeals, sitting by assignment pursuant to, § 6(C), Article IV, Constitution.) *Page 1